Opinion issued
January 5, 2012.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NOS. 01-10-00903-CR

          01-10-00904-CR

———————————

Derek Smith, Appellant

V.

The
State of Texas, Appellee



 



 

On Appeal from the 337th
District Court

Harris County, Texas



Trial Court Case Nos. 1214637, 1214638

 



 

 

MEMORANDUM
OPINION

 

          Derek
Smith appeals his conviction for two charges of indecency with a child.  See
Tex. Penal Code Ann. § 21.11 (West
2011).  Smith pleaded not guilty to the
jury, which convicted him on both charges. 
The trial court assessed punishment at two years’ confinement on each
charge, with the sentences to run concurrently. 
On appeal, Smith contends that the trial court erred by permitting the
testimony of the forensic interviewer because she was not the proper outcry
witness and that the evidence is insufficient to support his conviction.  We affirm.

Background

          Smith
married Wendy M., the mother of M.M., the ten-year-old complainant, in December
2008.  On March 4, 2009, Wendy reported
that M.M. had been assaulted.  M.M. was
taken to the Children’s Assessment Center where Lisa Holcomb conducted a
forensic interview.  Tonnis
Hilliard, a Department of Family and Protective Services caseworker, was
assigned to M.M.’s case.  M.M. was
removed from Wendy’s home and his father Chris M. was given primary custody
with Wendy having rights to supervised visitation.

          At
trial, M.M. testified that on Valentine’s Day 2009, Wendy had gone to the
grocery store.  While Wendy was away,
Smith touched M.M.’s anus with his fingers. 
M.M. also testified that, a few days before the forensic interview,
Smith touched M.M’s penis.  M.M.
testified that, beginning in December, Smith touched M.M.’s penis or anus every
few days.  Smith threatened to destroy M.M’s
video game system if he told anyone what Smith had done.




 

Outcry Witness

          In his first
point of error, Smith contends that the trial court erred by permitting
Holcomb, the forensic interviewer, to testify concerning what the complainant had told her
because she was not the outcry witness.  Article 38.072 of the Texas Code of
Criminal Procedure provides that a child abuse victim’s statement regarding the
abuse made to another person is not inadmissible hearsay if the statement
describes the alleged offense, the person to whom the statement is made is at
least eighteen years old, and that person is the first person to whom the child
has made a statement about the offense.  Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2 (West Supp. 2011).  Smith
contends that M.M.’s mother, not Holcomb, was the proper outcry witness.

          When the State called Holcomb to
testify, Smith objected that she was not the proper outcry witness.  The trial court sustained this
objection.  Later, the State reurged its proffer, arguing that Holcomb should be allowed
to testify under the rule of optional completeness, Rule 107 of the Texas Rules
of Evidence,[1]
because Smith had created a potentially misleading impression of the contents
of M.M.’s interview during his counsel’s cross-examination of Hilliard.  The trial court allowed the testimony, clarifying
that its ruling was not under article 38.072, but was under the rule of
optional completeness.

          On appeal,
Smith challenges Holcomb’s testimony only on the grounds that she was not the
proper outcry witness.  However, the
trial court sustained that objection.  To
preserve an issue for appellate review, a party must make a timely and specific
request, objection or motion and receive an adverse ruling.  Tex.
R. App. P. 33.1(a); see Geuder v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003).  A trial court’s sustaining of a defendant’s
objection is not an adverse ruling and preserves nothing for appeal.  See Martinez v. State, No.
14-08-00964-CR, 2010 WL 1077845, at *2 (Tex. App.—Houston [14th Dist.] Mar. 25, 2010, no pet.) (holding
nothing preserved for review when trial court sustained appellant’s objection
to hearsay statement of what child complainant told her mother concerning
sexual assault) (citing Geuder, 115 S.W.3d at 13).  Because the trial court sustained Smith’s
objection that Holcomb was not the proper outcry witness, Smith did not receive an adverse
ruling and has preserved nothing for review. 
See id.; see also Baxley v. State,
No. 05-99-00215-CR, 2001 WL 221607, at *5 (Tex. App.—Dallas Mar. 7, 2001, pet. ref’d) (appellant who argued State’s evidence not
admissible under business records exception to hearsay rule waived complaint
concerning public records exception because appellant did not argue that public
records exception did not apply at trial).

          We overrule Smith’s first point of
error.

Sufficiency of the Evidence

          In
his second and third points of error, Smith contends that the evidence is
insufficient to support his convictions. 


A.      Standard of Review

          Evidence is
insufficient to support a conviction if considering all record evidence in the
light most favorable to the verdict, a factfinder
could not have rationally found that each essential element of the charged
offense was proven beyond a reasonable doubt. 
Gonzalez v. State, 337 S.W.3d
473, 478 (Tex. App.—Houston [1st Dist.] 2011, pet. ref’d);
see Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); In
re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068,
1071 (1970); Brooks v. State, 323
S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); Laster v.
State, 275 S.W.3d 512, 517
(Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Evidence is insufficient under this standard
in four circumstances:  (1) the record
contains no evidence probative of an element of the offense; (2) the record
contains a mere “modicum” of evidence probative of an element of the offense;
(3) the evidence conclusively establishes a reasonable doubt; and (4) the acts
alleged do not constitute the criminal offense charged.  Gonzalez,
337 S.W.3d at 479; see Jackson, 443
U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; Laster, 275
S.W.3d at 518; Williams, 235
S.W.3d at 750.   If an appellate court finds the evidence insufficient under this
standard, it must reverse the judgment and enter an order of acquittal.  Gonzalez,
337 S.W.3d at 479 (citing Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982)).

          An appellate court
determines whether the necessary inferences are reasonable based upon the
combined and cumulative force of all the evidence viewed in the light most
favorable to the verdict.  Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)).  When the record
supports conflicting inferences, an
appellate court presumes that the factfinder resolved
the conflicts in favor of the verdict and defers to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court likewise defers to the factfinder’s
evaluation of the credibility of the evidence and the weight to give the
evidence.  Gonzalez, 337 S.W.3d at 479 (citing  Williams, 235 S.W.3d at
750).  




 

B.      Analysis

          M.M.
testified that Smith touched his anus and his penis.  This testimony is sufficient evidence to
sustain Smith’s conviction.  Bryant
v. State, 340 S.W.3d 1, 14 (Tex. App.—Houston
[1st Dist.] 2010, pet. ref’d) (holding child
complainant’s testimony alone is sufficient to support conviction) (citing
Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.]
2002, pet. ref’d)). 

          Smith’s
specific complaint is that he presented evidence showing inconsistencies and
contradictions in M.M.’s testimony.  Smith
asserts, “On every matter that could be objectively and independently verified,
the State’s case failed.”  For example,
Smith testified that no more than four people could fit in his car and,
therefore, M.M. was mistaken or lying when he claimed that five people rode to
Louisiana in his car.  Concerning the touching that occurred on Valentine’s
Day, Smith contends that one of his friends testified that Wendy never went
grocery shopping.  Therefore, according
to Smith, M.M. must have been lying when he testified that Smith touched his
anus while Wendy was at the grocery store. 
Concerning the touching that occurred shortly before the forensic
interview, Smith points out that M.M. testified that it occurred in their new
residence, which M.M. testified never lacked
power.  Smith testified they spent only
one night there before M.M.’s outcry and that they had no power on that
night.  Smith introduced an electric bill to corroborate his testimony on
this point.

          The factfinder determines the credibility of witnesses and the
weight to give their testimony.  See Williams, 235 S.W.3d at 750.  Likewise, it is up to the factfinder
to resolve conflicts in testimony.  See
Clayton, 235 S.W.3d at 778.  As an appellate court, we must defer to the factfinder’s determinations on these matters.  See id.;
Williams, 235 S.W.3d at 750.  We
conclude that the jury could have rationally resolved the conflicts in the
testimony against Smith and could have chosen to believe M.M. rather than
Smith.  We therefore hold that the
evidence is sufficient to support Smith’s conviction.

          We overrule Smith’s
second and third points of error.

Conclusion

          We affirm the
judgment of the trial court.

 

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices
Bland and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]           Rule 107 provides: 

 

When part of an act, declaration, conversation,
writing or recorded statement is given in evidence by one party, the whole on
the same subject may be inquired into by the other, and any other act,
declaration, writing or recorded statement which is necessary to make it fully
understood or to explain the same may also be given in evidence, as when a
letter is read, all letters on the same subject between the same parties may be
given. “Writing or recorded statement” includes depositions.

 

            Tex.
R. Evid. 107.