Opinion issued April 12, 2012.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-11-00223-CR


                   01-11-00224-CR

———————————

Tyler Anthony Mackyeon, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court 

Harris County, Texas



Trial Court Case No. 1241279 & 1241280

 



 

MEMORANDUM OPINION

A jury convicted appellant, Tyler Anthony Mackyeon, on two
charges of aggravated sexual assault of a child under the age of fourteen.[1] After
finding a prior felony conviction enhancement to be true, the jury assessed
punishment at fifty years’ confinement for each offense, which the court
ordered to run consecutively. In two points of error, appellant contends that (1)
the evidence at trial was insufficient to support his conviction for the second
offense, and (2) the trial court abused its discretion in refusing to grant a
continuance to allow appellant to retain an expert witness. We affirm.

BACKGROUND

Appellant
was indicted on two counts of aggravated sexual assault of a child for having
sexual intercourse with his wife’s step-sister, V.V., on two occasions before
V.V. reached fourteen years of age. 

The court appointed trial counsel for
appellant on December 21, 2009, and appellant filed a motion for continuance on
February 2, 2011, the day of his fourth trial setting, seeking time to
investigate newly obtained evidence. The trial court granted a continuance
after appellant explained in a brief pretrial hearing that the State had recently
made him aware of the complainant’s medical records and an updated offense
report referencing additional witnesses. On February 10, 2011, appellant moved
for, and the trial court granted, approval of funds for an expert witness.

Appellant filed a motion for an additional
thirty day continuance at the next trial setting on March 11, 2011, explaining
that he had been unable to hire an expert witness. At the March 11, 2011
pretrial hearing on the motion for continuance, the State disclosed that its medical
expert would testify to finding no trauma to the complainant’s hymen and that
such a finding was consistent both with sexual abuse having occurred and with
sexual abuse having not occurred. Appellant’s counsel told the trial court that,
although he had been unable to acquire an expert witness, consultations with a
neurologist and gynecologist had improved his understanding of the
complainant’s medical records and would help him to more effectively cross-examine
the State’s medical expert witness. After hearing from counsel, the trial court
denied appellant’s motion for a continuance, and the parties commenced with
voir dire. 

V.V.,
who was 16 years old at the time of trial, testified that appellant had sexual
intercourse with her on three occasions. V.V. testified that the first assault
occurred when she was thirteen years old. V.V. gave conflicting testimony
regarding her age during the second and third assaults, at times testifying the
second and third assaults occurred when she was thirteen years old, and at
other times testifying the second and third assaults occurred when she was
fourteen years old. 

LEGAL SUFFICIENCY

In
point of error one, appellant contends the evidence was legally insufficient to
support a conviction under Tex. Penal
Code Ann. §§ 22.021(a)(1)(B)(i), 22.021(a)(2)(B) (Vernon 2007).
Specifically, appellant argues V.V’s conflicting testimony regarding the date
of the second offense renders the evidence legally insufficient to support the
jury’s verdict. 

Standard of Review

An
appellate court reviews legal and factual sufficiency challenges using the same
standard of review. See Griego v. State, 337 S.W.3d 902, 903
(Tex. Crim. App. 2011).
“Under this standard, evidence is insufficient to support a
conviction if considering all record evidence in the light most favorable to
the verdict, a factfinder could not have rationally found that each essential
element of the charged offense was proven beyond a reasonable doubt.” Gonzalez v. State, 337 S.W.3d 473, 478
(Tex. App.—Houston [1st Dist.] 2011, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979)). Evidence is insufficient under this standard in four circumstances:
(1) the record contains no evidence probative of an element of the offense; (2)
the record contains a mere “modicum” of evidence probative of an element of the
offense; (3) the evidence conclusively establishes a reasonable doubt; and (4)
the acts alleged do not constitute the criminal offense charged. Gonzalez, 337 S.W.3d at 479; see Jackson, 443 U.S. at 314, 318 n. 11,
320. If an appellate court finds the evidence insufficient under this standard,
it must reverse the judgment and enter an order of acquittal. Gonzalez, 337 S.W.3d at 479.

An
appellate court “determine[s] whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence viewed in the
light most favorable to the verdict.” Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)). When the record supports conflicting inferences, an
appellate court presumes that the factfinder resolved the conflicts in favor of
the verdict and defers to that resolution. Id.
(citing Jackson, 443 U.S. at 326, 99
S.Ct. at 2793). “An appellate court likewise defers to the factfinder’s
evaluation of the credibility of the evidence and weight to give the evidence.”
Gonzalez, 337 S.W.3d at 479. In
viewing the record, a court treats direct and circumstantial evidence equally:
circumstantial evidence can be as probative as direct evidence, and
“circumstantial evidence alone can be sufficient to establish guilt.” Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13).

A
person commits aggravated sexual assault when he intentionally or knowingly
causes the penetration, by any means, of the sexual organ of a child younger
than fourteen years of age. Tex. Penal
Code Ann. §§ 22.021(a)(1)(B)(i), 22.021(a)(2)(B) (Vernon 2007). Having
reviewed the evidence in the light most favorable to the verdict, we conclude
that V.V’s testimony was legally sufficient to establish that she was under the
age of fourteen when appellant assaulted her as Section 22.021(a)(1)(B)(i) of
the Penal Code defines that offense and as charged in the indictment. 

V.V.
was born April 8, 1994, thus her fourteenth birthday was April 8, 2008. V.V.
testified that the first assault for which appellant was convicted occurred on
an unspecified date shortly after her 13th birthday. She later testified the
first assault occurred in June 2007. Both accounts reflect the first assault
occurring prior to V.V.’s fourteenth birthday.

V.V.
gave inconsistent testimony regarding her age at the time of the second and
third assaults and the dates on which those assaults occurred. On direct
examination V.V. testified that the second assault occurred “a long time after”
the first assault, describing the time period of the second assault as when the
school year “was about to be over.” On cross-examination V.V. testified the
second assault occurred in August of 2007, at which time V.V. would have been
thirteen years old. And on re-direct examination V.V. testified the second
assault occurred “about when school was out” in 2008, at which time V.V. would
have been fourteen years old.    

Regarding
the third assault, V.V. testified on cross-examination that appellant assaulted
her in December 2008, at which time V.V. would have been 14 years old. However,
V.V. also testified on cross-examination that she was 13 years old at the time
of the third assault. 

Finally,
V.V. gave inconsistent summations of her testimony regarding her age at the
time of the second and third assaults. On re-direct examination V.V. testified
that appellant assaulted her twice when she was thirteen and once when she was
fourteen, and on recross-examination V.V. testified appellant assaulted her
once when she was thirteen and twice when she was fourteen. 

Appellant
argues that V.V.’s testimony that she was fourteen at the time of the second
assault is stronger than her testimony that she was thirteen at the time of the
second assault. But, the jury is the sole judge of the credibility of witnesses
and the weight to be given their testimony. Brooks v. State, 323 S.W.3d 893, 899 (Tex. Crim. App.
2010). And when the record supports conflicting inferences, an
appellate court presumes the factfinder resolved the conflicts in favor of the
verdict and defers to that resolution. Clayton,
235 S.W.3d at 778. Although V.V. gave inconsistent testimony regarding her age
at the time of the second and third assaults, the jury could have rationally
credited her testimony that she was thirteen when the second or third assault
occurred. Therefore, weighing
the evidence in favor of the verdict, we conclude that the evidence was legally
sufficient to prove V.V. was less than fourteen years of age at the time of either
the second or third assault. 

We overrule appellant’s first point of
error.

MOTION FOR CONTINUANCE

In his second point of error, appellant
contends the trial court erred in denying a continuance sought in order to
obtain an expert witness. 

Standard of Review

We review a trial
court’s ruling to grant or deny a motion for a continuance for an abuse of
discretion. Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).
Establishing reversible error predicated on the denial of a motion for
continuance requires showing not only that the trial court abused its
discretion in denying the motion, but also that the lack of continuance harmed
the defendant. Gonzales v. State, 304 S.W.3d 838, 843 (Tex. Crim. App.
2010).

In Renteria v. State,
a murder case, the Court of Criminal Appeals held a trial court did not abuse
its discretion in denying a motion for continuance sought so that defense
counsel could investigate (1) new evidence suggesting the murder could have
been committed by an unknown person other than the defendant, and (2) new
evidence suggesting the possibility of problems with DNA testing in the case.
206 S.W.3d 689, 702 (Tex. Crim. App. 2006).

Despite arguments by the trial attorney that these
investigations could change his theory of defense and approach to voir dire,
the court ruled that “[c]ase-law requires more than this type of speculation to
justify an appellate reversal of a case for a trial court’s failure to grant a
continuance.” Id.

The record in the instant case does not support even the
insufficient degree of speculative prejudice rejected in Renteria. Id. Appellant
argues that if he had been granted a continuance, he would have obtained an
expert witness who would have provided assistance evaluating V.V.’s medical
records and in rebutting the State’s expert testimony about V.V.’s medical
examination. However, the record does not
demonstrate that the medical records or the related testimony were an essential
portion of the State’s case, nor that absence of a defense expert prejudiced
the appellant. The State’s medical expert who examined V.V. after she reported
the assaults testified that the examination results were normal and “could not
rule out or rule in” V.V. having been assaulted. 

Moreover, appellant’s trial counsel acknowledged in the
pre-trial hearing on his motion for continuance that consultations with a
neurologist and a gynecologist had assisted him in evaluating the medical
records and preparing for cross-examination of the State’s expert witness. The
State’s medical expert’s remark during testimony that appellant’s trial counsel
had “done [his] homework” further reflects that defense counsel was not unprepared
for the cross-examination.

Accordingly, appellant has not shown how the trial court’s
denial of a continuance prejudiced the appellant. Therefore, weighing the
evidence in favor of the verdict, we conclude the trial court did not abuse its
discretion in denying appellant’s motion for continuance. 

We overrule appellant’s second point of error.

CONCLUSION

We
affirm the trial court’s judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack and Justices Higley and Brown.

 

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           Trial court case number 1241279 and appellate court case
number 01-11-00223; trial court case number 1241280 and appellate court case
number 01-11-00224.