Opinion issued December 15, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00456-CR

———————————

Eldred Lonnie Reid,
Appellant

 

V.

 

The State of Texas,
Appellee



 



 

On
Appeal from the 122nd District 

Galveston
County, Texas



Trial Court Case No. 09CR14444

 



 

MEMORANDUM OPINION

Eldred Lonnie Reid was charged by
indictment with the third degree felony of failure to register as a sex
offender.  See Tex. Code Crim. Proc.
Ann. art. 62.102 (West 2006).  Reid
pleaded not guilty, and a trial was held before a jury, which found him
guilty.  The jury assessed punishment at
three years’ imprisonment.  Reid contends
that the evidence is insufficient to support the jury’s verdict, and that trial
counsel failed to provide constitutionally effective assistance.  We affirm.

Background

On May 8, 1995, Reid was convicted
of rape in Rutherford County, Tennessee and sentenced to nine years in
prison.  On January 18, 2000, prior to his release from prison in Tennessee, Reid signed a “Sexual Offender
Release Notification.”  The notification
stated:

The Sexual Offender Registry Program and sanctions for failing to
comply with the requirements of the program have been explained to me.  I have been provided a blank TBI Sexual
Offender Registration form and I understand that I must submit it to TBI
Headquarters in Nashville . . . within 10 days of discharge from incarceration
without supervision.

 

I also understand that if any information changes on my registration
form even temporarily for any reason longer than 10 days, I must notify TBI’s
Sexual Offender Registry at the address below or be subject to penalties of the
law.

 

In the
blank that called for Reid’s anticipated address, the document states “inmate
says that he will not have an address.”  

Reid acquired property in Galveston County, Texas in
May 2002.  Reid did not register as a sex
offender in Galveston County or anywhere else in Texas.  In May 2009 he was arrested and charged with
failure to register as a sex offender.  See Tex.
Code Crim. Proc. Ann. art. 62.102.

          At trial, the State offered testimony
of Deputy W. O’Briant who testified based on fingerprint analysis that Reid was
the same individual who had been convicted of rape in Tennessee in 1995.  Deputy O’Briant stated that he was the
primary registrar for the Galveston County sex offender registration for people
who enter the county and live within unincorporated areas.  He confirmed that Reid had never registered
in Texas and also testified that individuals who are convicted of the offense of rape in a state other
than Texas would be required to register in Texas, because the offense that other
jurisdictions call rape equates to sexual assault under Texas law. 

The State offered testimony of Officer P. Matranga,
a Galveston County Constable, who testified that she and Reid had “a couple” of
conversations concerning nuisance claims involving Reid’s Galveston property before
Reid’s arrest.  Officer Matranga testified
that Reid called her on the day of his arrest to ask her to watch his property
because he was being arrested for failing to register as a sex offender in
Tennessee.  

The State also presented Sergeant E. Hutchison of
the Texas Department of Public Safety who described his investigation of Reid
leading up to the arrest.  Hutchison
testified that based on his investigation, Reid was not registered in
Tennessee.  Hutchinson said that because
Reid was convicted as a sex offender in Tennessee, Reid was required to
register in Texas if he resided in Texas for more than seven days.  Hutchinson also confirmed that Reid was not
registered in Texas.  On
cross-examination, Reid’s attorney presented Hutchison with a document which Reid’s
attorney referred to as the “Tennessee Bureau of Investigation sexual offender
registry search.”  Hutchison agreed that
the document showed Reid was registered in Tennessee but stated that he did not
know the validity or the accuracy of the document.  The document was not entered into evidence
and was not later verified.  

Sufficiency
of the Evidence

In his first point of error, Reid contends that the evidence
is insufficient to support the verdict.  In
particular, he argues the evidence was insufficient to show that (1) Reid’s
property was not within a municipality and that Reid therefore was required to
register with the county, (2) the existence of a reportable conviction, i.e.,
that the offense of “rape” in Tennessee and the offense of sexual assault in
Texas are “substantially similar,” (3) Reid knew he had a duty to register in
Texas as opposed to Tennessee, (4) Reid was required to register annually for
life, and (5) Reid resided or had the intent to reside for more than seven days
in Galveston County.  See Tex.
Code Crim. Proc. Ann. art. 62.001(5)(H), 62.051(West Supp. 2010).

A.   Applicable
Law

An appellate court reviews
legal and factual sufficiency challenges using the same standard of
review.  Griego v. State, 337 S.W.3d 902, 902 (Tex. Crim. App. 2011) (per
curiam).  Under this standard, evidence is insufficient to support a
conviction if considering all record evidence in the light most favorable to
the verdict, a factfinder could not have rationally found that each essential
element of the charged offense was proven beyond a reasonable doubt.”  Gonzalez v. State, 337 S.W.3d 473, 478 (Tex.
App.—Houston [1st Dist.] 2011, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979)).  Evidence is insufficient
under this standard in four circumstances: (1) the record contains no evidence
probative of an element of the offense; (2) the record contains a mere
“modicum” of evidence probative of an element of the offense; (3) the evidence
conclusively establishes a reasonable doubt; and (4) the acts alleged do not
constitute the criminal offense charged.  Gonzalez, 337 S.W.3d at 479; see Jackson, 443 U.S. at 314, 318
n.11, 320, 99 S. Ct. at 2786, 2789 n.11.  If an appellate court finds the evidence
insufficient under this standard, it must reverse the judgment and enter an
order of acquittal.  Gonzalez, 337 S.W.3d at 479.

An appellate court
“determine[s] whether the necessary inferences are reasonable based upon the
combined and cumulative force of all the evidence viewed in the light most
favorable to the verdict.”  Clayton v.
State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).  When the record supports conflicting
inferences, an appellate court presumes that the factfinder resolved the
conflicts in favor of the verdict and defers to that resolution.  Id. (citing Jackson, 443 U.S. at 326, 99 S. Ct. at
2793).  “An appellate court likewise
defers to the factfinder’s evaluation of the credibility of the evidence and
weight to give the evidence.”  Gonzalez, 337 S.W.3d at 479.  In viewing the record, a court treats direct
and circumstantial evidence equally: circumstantial evidence can be as
probative as direct evidence, and “circumstantial evidence alone can be
sufficient to establish guilt.”  Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13); see Young v.
State, 283 S.W.3d 854, 861 (Tex. Crim. App. 2009).

B.   Analysis


Reid first asserts that the
evidence is insufficient to show that he lived outside a municipality and was
thus required to register with a county. 
A person who is required to register as a sex offender must do so with
the local law enforcement authority in any municipality where the person
resides or intends to reside for more than seven days.  Tex.
Code  Crim. Proc. Ann. art. 62.051(a).  “If the person does not reside or intend to
reside in a municipality, the person shall register or verify registration in
any county where the person resides or intends to reside for more than seven
days.”  Id.  Reid concedes there is testimony to support a
finding that the property he purchased in 2002 is located in Galveston County.  Reid argues, however, that there was no evidence
to support a finding that the property was located outside of a municipality,
which is required in order for Galveston County to be the proper entity for
registration.  During trial, Reid’s attorney
asked Constable Matranga about the nuisance claims that had been made about
Reid’s property.  Matranga testified that
“it’s an unincorporated area: therefore there are not ordinances like there
would be in a municipality which would be easier to control.”  Based on the evidence that Reid owned
property in an unincorporated area in Galveston County, a rational jury could
have found that Reid was required to register in Galveston County.

Reid next contends there
was insufficient evidence to show that he had a reportable conviction that
required registration.  Persons with a
“reportable conviction” of certain offenses of a sexual nature must register
with the appropriate authorities.  See
Tex. Code Crim. Proc. Ann. art.
62.051(a).  The list of reportable
convictions includes, among other offenses, indecency with a child, sexual
assault, aggravated sexual assault, and prohibited sexual conduct.  See Tex.
Code Crim. Proc. Ann. Art. 62.001(5)(A). 
A violation of law of another state is a reportable conviction if the
elements of the offense “are substantially similar to the elements of [the reportable
convictions].” Id. at 62.001(5)(H).  Reid argues that because the jury was not
presented with evidence of the elements of the Tennessee rape statute or of the
Texas statute defining sexual assault, the evidence was not sufficient for a jury
to conclude that Reid’s Tennessee rape conviction was substantially similar to
a reportable conviction.  See Tex. Code Crim. Proc. Ann. art. 62.001(5)(H).

The State introduced a penitentiary
packet that showed Reid had been convicted of rape in Tennessee on May 8, 1995.  The indictment in the packet specified the
elements of the offense of which Reid was convicted: “Eldred Reid unlawfully
and with force or coercion did sexually penetrate [the victim].”   Deputy
O’Briant also testified that the offense of rape in other states equates to the
offense of sexual assault in Texas.  Agent
Hutchinson testified that as a result of his conviction in Tennessee, Reid was
required to register when he entered Texas with the intent to remain longer
than seven days.  Finally, the jury
instructions contained a definition of reportable conviction which included “a
conviction for a violation of Section . . . 22.011 (Sexual assault).”  See Tex.
Code Crim. Proc. Ann. art. 62.001(5)(A).  A rational jury could have
found that the elements of rape in Tennessee are substantially similar to the
elements of sexual assault in Texas.  

Reid also contends that the evidence was
insufficient to show that his failure to register in Texas was intentional or
knowing because there was no evidence showing Reid knew he was required to
register in Texas.[1]  Proof of a culpable mental state is almost
invariably grounded upon inferences to be drawn by the finder of fact from the
attendant circumstances.  See Tottenham
v. State, 285 S.W.3d 19, 28 (Tex. App.—Houston [1st Dist.] 2009, pet
ref’d.) (citing Dillion v. State, 574, S.W.2d 92, 94 (Tex. Crim. App.
1978).  In assessing the legal
sufficiency of the evidence we give deference to the fact-finder to fairly
resolve conflicts in testimony and to draw reasonable inferences from the
facts.  See Young, 283 S.W.3d at
861.  We determine whether the necessary
inferences are reasonable by considering the cumulative evidence, both direct
and circumstantial.  Id. at 861–62.

Here, the
jury was presented with evidence that Reid was aware that he was required to
register in Tennessee following his release because he signed the registry
notification form in which he acknowledged this duty.  The form also instructed Reid “that if any
information changes on [his] registration form even temporarily for any reason
longer than 10 days, [he] must notify TBI’s Sexual Offender Registry at the
address below or be subject to penalties of the law.”  The jury heard evidence that Reid did not
register in Tennessee.  The jury also
considered testimony from Officer Matranga that Reid had told her he was trying
to fly under the radar so he would not “have to go back and register or
something to that effect.”  

This evidence,
together with the documentary evidence indicating Reid intended to be a “nomad”
with no address, support a rational conclusion that Reid knew he was obligated
to register where he lived and knowingly avoided the registration requirement
in Texas as he had in Tennessee.  See Rodriguez v. State, 45 S.W.3d 685,
688 (Tex. App.—Fort Worth 2001), aff’d,
93 S.W.3d 60 (Tex. Crim. App. 2002) (evidence sufficient to find appellant knew
of his duty register when he was informed of duty prior to his release and
deportation, even though authorities did not notify him to register again when
appellant re-entered country illegally); see
also Reyes v. State, 96 S.W.3d 603, 605 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d) (finding evidence sufficient to support
conviction where appellant did not comply with the registration requirement
under the statute as it existed at the time he was first required to register
or after its amendment two years later). 


Reid claims there is
insufficient evidence to find that he had a duty to register annually.  Reid concedes that Deputy O’Briant testified
that the rape conviction would require annual registration.  This testimony was sufficient evidence for a
rational jury to find that that Reid was required to register annually. 

Finally, Reid contends
the evidence was insufficient to show that he had resided or intended to reside
in Galveston County for more than seven days. 
See Tex. Code Crim. Proc.
Ann. art. 62.051(a).  The jury was
presented with sufficient evidence to find Reid resided or intended to reside
in Galveston County for more than seven days, including: (1) Agent Hutchison’s
testimony that the Tennessee records reflected that Reid was “leaving in Texas,”[2]
(2) a deed showing that Reid had purchased property within Galveston County,
(3) testimony that Reid had registered vehicles at the Galveston County address,
(4) testimony that Reid had numerous discussions with Officer Matranga within
Texas concerning nuisance violations with respect to his property, and (5) Officer
Matranga’s testimony that she had seen Reid at a town hall meeting.    

Considering all record
evidence in the light most favorable to the verdict, we hold that a jury could rationally
have found that each essential element of the charged offense was proven beyond
a reasonable doubt.  See Gonzalez,
337 S.W.3d at 478.

We overrule Reid’s first issue.

 

 

 

Effective Assistance of Counsel

In his second point of error, Reid contends that
as a result of a conflict of interest with his trial counsel, he received
ineffective assistance of counsel. 
Specifically, Reid asserts that his counsel’s conflict, which was based
on Reid’s purportedly having filed a grievance against him, resulted in counsel’s
failure to present admissible evidence of his registration as a sex offender in
Tennessee and failure to object to inadmissible evidence.  

A.   Applicable
Law

A defendant does not have the right to his own choice of
appointed counsel, and unless he waives his right to counsel and chooses to
represent himself or shows adequate reason for the appointment of new counsel,
he must accept the counsel appointed by the court.  Garner
v. State, 864 S.W.2d 92, 98 (Tex. App.—Houston
[1st Dist.] 1993, pet. ref’d).  A trial
court is under no duty to search until it finds an attorney agreeable to the
defendant.  Id.  However, there are
certain circumstances in which a defendant may, upon a proper showing, be
entitled to a change of counsel.  Id.  A defendant must bring such a matter to the
trial court’s attention and must carry the burden of proving he is entitled to
new counsel. Malcom v. State, 628
S.W.2d 790, 791 (Tex. Crim. App. 1982) (panel op.) (citing Webb v. State, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976)).

The Sixth Amendment guarantees the right to reasonably
effective assistance of counsel, which includes the right to “conflict-free”
representation. See Strickland v.
Washington, 466 U.S. 668, 687, 692, 104 S. Ct. 2052, 2064, 2067 (1984); Cuyler v. Sullivan, 446 U.S. 335,
348–50, 100 S. Ct. 1708, 1718–19 (1980). 
A defendant may establish that his trial counsel rendered ineffective
assistance due to a conflict of interest if he can demonstrate (1) that his
counsel was burdened by an actual conflict of interest and (2) that conflict
actually affected the adequacy of counsel’s representation. Cuyler, 446 U.S. at 349, 100 S. Ct. at
1718; Acosta v. State, 233 S.W.3d
349, 356 (Tex. Crim. App. 2007).  If a
defendant establishes both requirements of Cuyler,
he need not demonstrate prejudice—the second prong of ineffective assistance
claims under the usual Strickland
standard—to obtain relief.  Cuyler, 446, U.S. at 349–50, 100 S. Ct.
at 1719; see also Banda v. State, 890 S.W.2d 42, 60 (Tex. Crim.
App. 1994) (“If appellant demonstrates [the Cuyler
requirements], then the second prong of the Strickland
test will be met because prejudice is presumed.”).  When a trial court knows, or reasonably
should know, that a particular conflict of interest exists, the court should
initiate an inquiry. Cuyler, 446
U.S at 347; Garner, 864 S.W.2d at 99.  An actual conflict of interest exists if
counsel is required to make a choice between advancing his client’s interest in
a fair trial or advancing other interests to the detriment of his client’s
interest.  Ex parte Morrow, 952 S.W.2d 530, 538 (Tex. Crim.
App. 1997).  

The filing of a civil action against a court-appointed attorney is not
a per se conflict of interest warranting disqualification of counsel.  McKinny v. State, 76 S.W.3d 463, 478 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (en banc) (citing Dunn v. State,
819 S.W.2d 510, 519 (Tex. Crim. App. 1991)). 
If a per se rule were applied, a defendant could delay or prevent a
trial by simply filing a civil suit against his court-appointed counsel.  Id.  

B.   Analysis

After Reid’s first appointed counsel was removed
and new counsel was appointed, Reid filed a pro se motion requesting new
counsel be dismissed and wrote a letter to the trial judge complaining about
his new counsel.  One complaint in Reid’s
motion was that counsel would not provide to the State Bar of Texas letters
Reid had previously written to counsel in which Reid complained about counsel’s
representation of Reid.  The motion also
notes Reid’s intent to file a formal grievance with the State Bar of Texas concerning
his counsel.  Reid’s letter to the trial
court, dated several weeks after he filed his motion, states that Reid had
mailed a complaint about his trial counsel to the State Bar of Texas.  This same letter also states Reid had filed a
complaint against the trial judge himself. 
In an undated letter to Chief Justice Wallace Jefferson, Reid noted he
had been unsuccessful in filing a complaint against counsel with the State Bar
of Texas.  

During pre-trial proceedings, trial counsel asked
Reid questions concerning plea offers from the State and neither party
addressed the issue of a conflict of interest at this time or at any other
point during trial.  Although the record
indicates Reid was dissatisfied with his counsel, and may have attempted to
file a grievance against him with the State Bar of Texas, we can find no such grievance
in the record, and we cannot ascertain the specific allegations of that
grievance, even if it exists.  Reid has
shown the “mere possibility of a conflict of interest, and such possibility,
without more, is not sufficient to impugn his conviction.”  McKinny, 76 S.W.3d at 478
(citing Cuyler, 446 U.S. at 350, 100 S. Ct. at 1719) (holding appellant
did not show existence of actual conflict where no copy of grievance allegedly
filed by appellant against trial counsel was contained in record and appellate
court therefore could not ascertain the specific allegations of that
grievance).

As Reid has offered no proof of a formal grievance against
his counsel that might have given rise to a conflict of interest, we hold that
Reid has failed to show an actual conflict of interest.  Because Reid did not satisfy the first prong
of Cuyler, we need not address the second prong of Cuyler.  See Cuyler, 446 U.S. at 349–50, 100 S.
Ct. at 1719.  

We overrule Reid’s second point of error.

Conclusion

We affirm the decision of the trial court. 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do not
publish.   Tex. R. App. P. 47.2(b).



 











[1]        See Tex. Code Crim.
Proc. Ann. art. 62.102(a) (West
2006) (definition of failure to register as sex offender does not specify
culpable mental state); Tex. Penal Code
Ann. § 6.02(b)–(c) (West 2011)
(when definition  of offense does not
specify the required culpable mental state, culpable mental state of intent,
knowledge, or recklessness is required, unless definition dispenses with any
mental element); Reyes v. State, 96
S.W.3d 603, 605 n.1 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (stating that sex offender
registry statute requires culpable mental state of intent, knowledge, or
recklessness); see also Tex. Penal Code Ann. § 6.03(a)–(b) (West 2011) (defining culpable mental
states of intent and knowledge).  Here
the indictment charged that Reid “intentionally and knowingly” failed to
register in Texas.





[2]           Agent Hutchison testified that the
records stated that Reid was “leaving in Texas” but he assumed it was a typo
and believed it was supposed to say “living.”