Opinion issued February 2, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01098-CR

———————————

Christopher Hopkins, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District 

Harris County, Texas



Trial Court Case No. 1238886

 



 

MEMORANDUM OPINION

          Christopher Hopkins was charged by
indictment with the felony offense of possessing more than one gram and less
than four grams of crack cocaine.  Hopkins filed a pre-trial motion to suppress
the evidence against him, claiming the arresting officer lacked probable cause
to search his vehicle.  The trial court
held a hearing and denied the motion to suppress.  After a jury found him guilty, Hopkins
pleaded true to four prior felony convictions, and the trial court assessed a
punishment of twenty-five years’ imprisonment. 
On appeal, Hopkins contends that the trial court erred in denying his
motion to suppress, and that the evidence presented at trial was legally and
factually insufficient to support his conviction.  We affirm. 


Background

On October 28, 2009, Deputy M.
Alvarado, with the Harris County Sheriff’s Office, was operating radar when he
detected Hopkins, the sole occupant of his car, driving ten miles over the
speed limit.  Alvarado activated his emergency
lights and attempted to stop Hopkins. 
Hopkins continued driving for approximately four blocks before turning
into the parking lot of an apartment complex. 
When Alvarado entered the parking lot, Hopkins had already parked and stepped
out of his car.  

Alvarado testified, both at the
hearing on the motion to suppress and at trial, that Hopkins was walking toward
Alvarado, near the rear bumper of Hopkins’s car, when Alvarado got out of his
car and asked Hopkins for identification. 
According to Alvarado, Hopkins was on his cell phone at the time and began
nervously searching his pockets for identification.  Alvarado patted down Hopkins to ensure he was
not carrying any weapons.  Having confirmed
Hopkins was not carrying any weapons, Alvarado walked to the front of Hopkins’s
car to conduct a visual inspection of the car. 
Hopkins called Alvarado to the rear of the car and pointed out that the
lights around his license plate were not working.  Alvarado, suspecting this was an attempt to
distract him, returned to the front of the car, looked through the window, and
saw a bag that appeared to contain crack cocaine rocks.  Alvarado then opened the driver’s side door,
which he said was ajar, secured the bag, and placed Hopkins under arrest.  According to Alvarado, after he told Hopkins
that he was under arrest, Hopkins volunteered, “[Y]ou might as well put me in
the back of the patrol car, I owe a lot of money to drug dealers.” 

The State also offered the
testimony of Scott Vajdos, a drug chemist with the Harris County Institute of
Forensic Sciences.  Vajdos testified that
the substance recovered from Hopkins’s car showed the presence of cocaine and
weighed 3.72 grams. 

Hopkins testified
both at the suppression hearing and at trial, offering testimony that
conflicted with Alvarado’s testimony in several respects.  Hopkins denied speeding and denied that
Alvarado’s emergency lights were on when Alvarado pulled into the apartment complex.  He also testified that he was no longer
standing by his car when Alvarado approached him; rather, according to Hopkins,
he had walked some distance toward a staircase in the complex when Alvarado arrived
and asked him to return to his car.  Hopkins
admitted he was nervous while talking to Alvarado but attributed his reaction to
the fact that he could not find his driver’s license and was panicked about the
prospect of getting a traffic ticket.  According
to Hopkins, although the driver’s door was unlocked, it was shut, and Alvarado
opened it before he began to search the car. 
Hopkins testified that he had not put any drugs in the car, and that he
did not see Alvarado pull any drugs from his car.  Hopkins testified that many people, including
his friend Taquilla Earnest, Earnest’s child’s father, and Hopkins’s co-workers,
all use his car on a regular basis, but he could not remember if anyone else
had driven his car that day.  

Hopkins offered the testimony of Earnest,
who testified that she observed Alvarado’s and Hopkins’s interactions on the
day of the arrest.  Earnest testified that
she was in the parking lot while Hopkins spoke with Alvarado.  She saw Alvarado look through the windows of
Hopkins’s car and open the driver’s side front door.  Earnest testified that she did not see
Alvarado remove any items from the car, but did see Alvarado handcuff
Hopkins.  Earnest testified that Hopkins
let other people drive his car and that she had driven the car the day before
the arrest but had not seen any drugs in the car.  

Hopkins’s wife, Dusti Hopkins, also
testified.  According to Dusti, Earnest
called her and asked her to bring Hopkins’s license to the parking lot.  Dusti stated that she did not see Alvarado
remove anything from Hopkins’s car, but admitted that she did not arrive until
after Alvarado had begun his search.  Dusti
also testified that many people drove Hopkins’s car on a regular basis.

Motion to Suppress

In his
first point of error, Hopkins contends that the trial court erred in denying his
motion to suppress the State’s evidence against him because Alvarado had no
probable cause to search Hopkins’s vehicle. 


A.  
Standard of Review

In reviewing a trial court’s ruling on a
motion to suppress evidence, we apply a bifurcated standard of review.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.—Houston [1st Dist.] 2003,
no pet.).  We give almost total deference
to the trial court’s determination of historical facts that depend on
credibility, while we conduct a de novo review of the trial court’s application
of the law to those facts.  Carmouche, 10 S.W.3d at 327.  In a hearing on a motion to suppress, the
trial court is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000). Accordingly, a trial court may choose to
believe or to disbelieve all or any part of a witness’s testimony.  Id.  “This
is so because it is the trial court that observes first hand the demeanor and
appearance of a witness, as opposed to an appellate court which can only read
an impersonal record.”  Id.  Unless a trial court abuses its discretion by
making a finding unsupported by the record, we defer to its findings and will
not disturb them on appeal.  Flores v. State, 177 S.W.3d 8, 14 (Tex.
App.—Houston [1st Dist.] 2005, pet ref’d). 
When a trial court fails to make explicit findings of fact, we imply
fact findings that support the trial court’s ruling so long as the evidence
supports these findings.  Gutierrez v. State, 221 S.W.3d 680, 687
(Tex. Crim. App. 2007).

B.  
Applicable law

A traffic stop is a detention and, therefore, must be reasonable. Magana
v. State, 177 S.W.3d 670, 673 (Tex. App—Houston [1st Dist.] 2005,
no pet.) (citing Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997)).  The decision to stop an
automobile is reasonable when the police have probable cause to believe that a
traffic violation has occurred.  Whren
v. United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, (1996); Walter
v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).  Speeding and failure to control speed are
traffic violations.  See Tex. Trans. Code Ann. § 545.351 (West 2011).

Although warrantless searches are per se unreasonable, seizing
contraband in plain view does not violate the Fourth Amendment protection
against unreasonable search and seizure. 
Walter, 28 S.W.3d at 541.  A police officer may seize an item in “plain
view” if he (1) is legally present when he sees the item and (2) it is
immediately apparent that there is probable cause to “associate the item with
criminal activity.”  Id.  A police officer’s
observation of a traffic violation establishes probable cause to stop a car
and, thus, provides the officer with a lawful vantage point from which she can
look through the windows of a car into its interior.  See Texas
v. Brown, 460 U.S. 730, 739–40, 103 S. Ct. 1535, 1542 (1983); Walter, 28 S.W.3d at 544–45. 
For it to be immediately apparent that an item is evidence of criminal
activity, a police officer need not have actual knowledge that the item is
contraband, but he must have “probable cause to associate the [item] with
criminal activity.”  Brown, 460 U.S. at 741–42, 103 S. Ct. at 1543; see Joseph
v. State, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991).  A police officer may use his training and
experience in determining whether an item in plain view is contraband.  Brown,
460 U.S. at 746, 103 S. Ct. at 1545–46 (Powell, J. concurring) (citing to United States v. Cortez, 449 U.S. 411,
418, 101 S. Ct. 690, 695 (1981)); see Joseph,
807 S.W.2d at 308.

C.  
Analysis

Although Hopkins’s brief does not
specify which “evidence” should have been suppressed, we construe his complaint
as one relating to both the trial court’s refusal to suppress the crack cocaine
and its refusal to suppress the oral statement Hopkins made after his arrest,
to the effect that he owed lots of money to drug dealers.  

1.    
Waiver of objection to admissibility of
crack cocaine

“When a pretrial motion to suppress evidence is overruled,
the defendant need not subsequently object at trial to the same evidence in
order to preserve error on appeal.”  Lemons
v. State, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.)
(citing Moraguez v. State,
701 S.W.2d 902, 904 (Tex. Crim. App. 1986)). 
“However, when the defendant affirmatively asserts during trial that he
has ‘no objection’ to the admission of the complained of evidence, he waives
any error in the admission of the evidence, despite the pretrial ruling.”  Id.; see also Swain v. State, 181 S.W.3d 359, 368 (Tex.
Crim. App. 2005) (by stating he had no objection to evidence he previously
argued was inadmissible fruit of illegal arrest, appellant affirmatively
accepted previously challenged evidence and waived any error in its admission);
Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (appellant’s
response during trial that he had “no objection” waived his claim to
inadmissibility of challenged evidence that had been subject of suppression
hearing).  

At trial, the State offered the crack cocaine into evidence through
Vajdos, a drug chemist with the Harris County Institute of Forensic
Sciences.  When the State tendered the evidence to the
Court, Hopkins’s counsel responded “No objection, Your Honor.”  By affirmatively stating that he had no
objection to the admission of the crack cocaine into evidence at trial, Hopkins
waived his complaint to the admissibility of the crack cocaine, despite the
pretrial ruling.  See Swain, 181 S.W.3d
at 368; Moody v. State,
827 S.W.2d at 889; Lemons v. State, 135 S.W.3d at 882.

2.    
Admissibility of Hopkins’s oral
statement

Our analysis of whether the trial court erred in refusing to
suppress Hopkins’s oral statement as fruit of an illegal search requires us to
examine whether Alvarado’s detention of Hopkins and seizure of the crack
cocaine were permissible.  Alvarado
testified that he followed and ultimately detained Hopkins because he saw
Hopkins commit a traffic violation, i.e., drive ten miles over the speed
limit.  This made Alvarado’s decision to
stop Hopkins reasonable.  See Walter, 28 S.W.3d at 544–45 (officer acted reasonably by stopping defendant when he had probable
cause to believe that a traffic violation has occurred); Tex. Trans. Code Ann. § 545.351
(speeding is a traffic violation).  It also satisfied the requirement
that Alvarado be legally present at the time he saw the bag containing
cocaine.  See Walter, 28 S.W.3d at 545 (police officer conducting traffic stop could lawfully look into
appellant’s truck).

Alvarado further testified that the cocaine he seized from Hopkins’s
car was in plain view.  Specifically,
Alvarado testified that he saw the baggie that contained the crack cocaine on
the floorboard of Hopkins’s car when he was standing outside the car looking
through the car window.  He further
testified that based on his years of experience, he recognized the bag as the
kind of bag in which drugs commonly are stored and suspected that it, in fact,
contained drugs.  See id. at
544.  Alvarado’s testimony was disputed,
as Hopkins denied the
presence of any drugs in his car, and Hopkins’s counsel, during cross-examination
of Alvarado attempted to call into doubt Alvarado’s testimony that the drugs
found on the floorboard could have been visible from outside the car.  However, the trial court was the sole judge
of the weight and credibility of the witnesses’ testimony, and we give great
deference to its findings of historical facts as long as the record supports
them.  See Carmouche, 10 S.W.3d
at 327.  We conclude that the record
supports the trial court’s finding that Alvarado’s detention of Hopkins was
reasonable and that his seizure of the drugs was permissible because the crack
cocaine was in plain view.  See
Walter, 28 S.W.3d at 545; Ramos, 934
S.W.2d at 365.  Because we conclude that
the detention of Hopkins and seizure of the crack cocaine were valid, we reject
Hopkins’s contention that his oral statement concerning his debts to drug
dealers was inadmissible fruit of an illegal search.

We overrule Hopkins’s first point of error. 

Sufficiency
of the Evidence

          In his second and third
points of error, Hopkins contends that the evidence was insufficient to support
his conviction.  

 

A.
Standard of Review

This court
reviews legal and factual sufficiency challenges using the same standard of
review.  Ervin v. State, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.]
2010, pet. ref’d).  Under this standard, evidence is
insufficient to support a conviction if considering all record evidence in the
light most favorable to the verdict, a factfinder could not have rationally
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  Gonzalez v. State, 337 S.W.3d 473, 478 (Tex.
App.—Houston [1st Dist.] 2011, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979)).  Evidence is insufficient
under this standard in four circumstances: (1) the record contains no evidence
probative of an element of the offense; (2) the record contains a mere
“modicum” of evidence probative of an element of the offense; (3) the evidence
conclusively establishes a reasonable doubt; and (4) the acts alleged do not
constitute the criminal offense charged.  Gonzalez, 337 S.W.3d at 479 (citing Jackson, 443 U.S. at 314,
318, 320, 99 S. Ct. at 2786, 2789 n.11).  If an appellate court finds the evidence
insufficient under this standard, it must reverse the judgment and enter an
order of acquittal.  Gonzalez, 337 S.W.3d at 479.

An appellate court
“determine[s] whether the necessary inferences are reasonable based upon the
combined and cumulative force of all the evidence viewed in the light most
favorable to the verdict.”  Clayton v.
State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).  When the record supports conflicting
inferences, an appellate court presumes that the factfinder resolved the
conflicts in favor of the verdict and defers to that resolution.  Id. (citing Jackson, 443 U.S. at 326, 99 S. Ct. at
2793).  “In deciding whether the evidence
is sufficient to link the defendant to contraband, the trier of fact is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.”  Poindexter v. State, 153 S.W.3d 402, 406
(Tex. Crim. App. 2005).  In viewing the
record, a court treats direct and circumstantial evidence equally:
circumstantial evidence can be as probative as direct evidence, and
“circumstantial evidence alone can be sufficient to establish guilt.”  Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13).

B.
Applicable law

To prove
unlawful possession of a controlled substance, the State must show that the accused
(1) exercised care, custody, control, or management over the contraband and (2)
knew the matter possessed was contraband.  Evans v.
State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); see also Tex. Health &
Safety Code Ann. § 481.002(38) (West 2010).  When determining whether the defendant knew
that he possessed narcotics, the jury may infer the defendant’s knowledge from
his acts, conduct, remarks, and from the surrounding circumstances.  Krause
v. State, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d). 
Possession is a “voluntary act if the possessor knowingly obtains or
receives the thing possessed or is aware of his control of the thing for a
sufficient time to permit him to terminate his control.”  Tex.
Penal Code Ann. § 6.01(b) (West 2011). 
If the contraband is not found on the accused’s person, independent
facts and circumstances may “link” the accused to the contraband such that it
may be justifiably concluded that the accused knowingly possessed the
contraband.  Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); see Evans, 202 S.W.3d at 162.  

Among the
many possible factors that we may consider in assessing the link between a
defendant and contraband are: (1) the defendant’s presence when a search is
conducted; (2) whether the substance was in plain view; (3) the defendant’s
proximity to and the accessibility of the substance; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the defendant
made incriminating statements when arrested; (7) whether the defendant
attempted to flee; (8) whether the defendant made furtive gestures; (9) whether
there was an odor of contraband; (10) whether other contraband or drug
paraphernalia were present; (11) whether the defendant owned or had the right
to possess the place where the substance was found; (12) whether the place
where the substance was found was enclosed; (13) whether the defendant was
found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt. 
Evans, 202 S.W.3d at 162 n.12.  Not all of these factors must be proved;
rather, it is the cumulative logical force the factors have in proving
possession that we must consider.  See James v. State, 264 S.W.3d 215, 219
(Tex. App.—Houston [1st Dist.] 2008,
pet. ref’d).  Additionally, absence of
some of the factors is not evidence of innocence that must be weighed against
the factors that are present.  Id.  Rather, they are used to assess the sufficiency
of the evidence linking the defendant to knowing possession of contraband.  See,
e.g., Roberson v. State, 80 S.W.3d at 735–36.

C. Analysis

Hopkins
contends his conviction cannot stand because he testified that he does not sell
drugs, that he did not put the crack cocaine in the car, that he never saw any
drugs in the car and did not know where the cocaine came from, and because he
and others testified that his wife, friends, and co-workers have access to his
car on a regular basis.  

The jury heard
Alvarado testify that he found the bag containing crack cocaine in plain view on
the driver’s side floorboard in Hopkins’s car and that Hopkins had been driving
the car alone just moments before his arrest. 
While Hopkins, Dusti Hopkins, and Earnest all testified that others drove
the car on a regular basis, it is undisputed that Hopkins owned the car and was
the sole occupant of the car immediately before the crack cocaine was seized.  And Hopkins himself testified that he could
not say that anyone else had driven his car on the day of the arrest.  In addition to hearing testimony that the
crack cocaine was in plain view and accessible to Hopkins in an enclosed space
that Hopkins owned and had a right to possess, the jury heard evidence of Hopkins’s
incriminating statement to Alvarado that he “owe[d] a lot of money to drug
dealers” and that Hopkins appeared nervous at the scene.  Several links connecting Hopkins to the crack
cocaine are present.  See Evans, 202 S.W.3d at 162. 

While Hopkins
correctly asserts that the jury heard testimony indicating that Hopkins did not
knowingly possess the crack cocaine, the jury was free to disbelieve or believe
the testimony presented at trial and was the exclusive judge of the credibility
of the witnesses and the weight to be given to their testimony.  See Poindexter,
153 S.W.3d at 406.  We conclude that the evidence
is sufficient to support the jury’s finding that Hopkins possessed the crack
cocaine.  See Evans, 202 S.W.3d at 166; see
also Robinson v. State, 174
S.W.3d 320, 329–30 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d)
(affirming conviction for possession of front-seat passenger in truck where
cocaine was located in factory compartment in back wall of truck and easily
accessible to passenger); Harmond v.
State, 960 S.W.2d 404, 407 (Tex. App—Houston [1st Dist.] 1998, no pet.) (evidence sufficient to support
conviction for possession of controlled substance where appellant was sole
occupant of car and drug paraphernalia was within plain view and accessible to
appellant); Hyett v. State, 58 S.W.3d
826, 831 (Tex. App.—Houston [14th
Dist.] 2001, ref’d) (evidence sufficient to show knowing possession
where defendant was sole occupant of car in his control, and contraband was in
plain view and close proximity to appellant).

We overrule Hopkins’s second
and third points of error.

Conclusion

          We affirm the judgment of the trial
court. 

 

                                                                   Justice
Rebeca Huddle

                                                                   Justice


 

Panel
consists of Justice Jennings, Massengale and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).