**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00904-CR

————————————

## JOE H. MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1289655**

---

## MEMORANDUM OPINION

Appellant Joe H. Martinez was charged with possession of a controlled substance. Following a bench trial, the court found appellant guilty and sentenced him to 180 days' confinement, and placed him on community supervision for two

years.  In appellant's sole issue on appeal, he contends the evidence is legally insufficient to establish that he possessed a controlled substance.  We affirm.

## BACKGROUND

On December 21, 2010, Houston Police Department Officers H. Trant and T. Parker conducted surveillance on a house known for narcotics trafficking and gang activity.  Both officers surveilled the house by driving past it in separate unmarked patrol cars.  During their surveillance, Officer Parker saw appellant, who was driving a blue Buick, park at the house.  He then observed appellant approach the house, knock on the door, and talk to the person who answered the door.  Parker testified that he did not sit and watch appellant; rather, he drove by and estimated that appellant spent several minutes at the house.  When Parker saw appellant approach the house, he radioed Officer Trant and gave him the description of appellant and his vehicle.  Upon notification, Trant drove to the house and saw appellant get into his car and leave the house.  Trant followed appellant and saw him run a stop sign.  Parker was parked at a nearby intersection and also observed appellant roll through the stop sign.  Parker then radioed a marked patrol unit, Officers Martinez and Valle. He notified them about appellant's violation, and the unit pulled appellant over.  Both Trant and Parker continued to follow appellant until he was pulled over by the other officers.  To protect their identities, they continued to drive rather than join the stop.

Officers Valle and Martinez pulled over appellant. Valle testified that when he approached the driver, he smelled alcohol coming from the car. He also saw a cup that appeared to have beer-colored liquid. Valle asked appellant whether he had been drinking, and appellant responded that he drank a "little bit." Valle testified that appellant seemed nervous and had slurred speech. Valle asked appellant if he could "check his car," and appellant responded "sure." While Valle brought appellant back to the patrol car to check his information, Martinez inspected the car. He searched the center console and found two small rocks of crack cocaine, later confirmed to weigh 0.1086 grams. Both officers testified that during the traffic stop, they saw appellant reach towards the center console area of his car. Valle testified that he saw appellant move towards center console as Valle was walking towards the vehicle. Martinez testified that while he was sitting in the passenger side of the patrol car, which was parked behind appellant's car, he saw appellant "placing something or trying to hide something in the center console."

Appellant, testifying in his own behalf at trial, said that he was driving around that day to find customers who needed lawn services. Appellant testified that on the day of his arrest, he helped a person collect scrap metal to get it recycled. According to appellant, he stopped by the house that the officers were observing because he had previously worked on their yard. He testified that he went to the door to see if they needed lawn services. However, the person who

3

answered the door told him that the person he was looking for was not there, so he left. He denied running the stop sign. Appellant agreed that he admitted to the officers that he had been drinking. However, he denied that either officer asked for permission to inspect his vehicle and also denied giving them permission to search his vehicle. He also added that he was placed in the patrol car by Officer Valle. While he was in the vehicle, appellant testified that he could see very little of what the officer was searching for in his car because the trunk obscured his view.

During trial, appellant's counsel presented photos of the car taken after it was towed by the police. The photos showed the trunk filled with garden items such as a weed eater and a lawn mower. The defense argued that the trunk was raised too high for any person to see into the car from behind. Both Officer Martinez and Valle testified that while they saw gardening equipment in the back of the car, they could not recall what type of equipment and could not confirm whether they saw a lawn mower in the trunk. Both officers also testified that while the trunk was partially open, it did not obscure their view of the center console area of the car.

According to appellant, he was unaware of any cocaine in his vehicle. He testified that it had been two years since he cleaned his vehicle and there have been several people who had been in his car in the past month.

4

# SUFFICIENCY OF THE EVIDENCE

In his sole point of error, appellant argues that the evidence is legally insufficient to support his conviction for possession of a controlled substance.

## A. Standard of Review

An appellate court reviews legal and factual sufficiency challenges using the same standard of review. *See Griego v. State*, 337 S.W.3d 902, 902 (Tex. Crim. App. 2011). "Under this standard, evidence is insufficient to support a conviction if considering all record evidence in the light most favorable to the verdict, a factfinder could not have rationally found that each essential element of the charged offense was proven beyond a reasonable doubt." *Gonzalez v. State*, 337 S.W.3d 473, 478 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Gonzalez*, 337 S.W.3d at 479; *see Jackson*, 443 U.S. at 314, 318, 320, 99 S. Ct. at 2786, 2789. If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *Gonzalez*, 337 S.W.3d at 479.

An appellate court "determine[s] whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, an appellate court presumes that the factfinder resolved the conflicts in favor of the verdict and defers to that resolution. *Id.* (citing *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793). "An appellate court likewise defers to the factfinder's evaluation of the credibility of the evidence and weight to give the evidence." *Gonzalez*, 337 S.W.3d at 479. In viewing the record, a court treats direct and circumstantial evidence equally: circumstantial evidence can be as probative as direct evidence, and "circumstantial evidence alone can be sufficient to establish guilt." *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 13).

## B.    Applicable Law

To prove unlawful possession of a controlled substance, "the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 2010) ("'Possession' means actual care, custody, control, or management.").

Possession need not be exclusive. *See Evans*, 202 S.W.3d at 162 n.12. When the accused is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must affirmatively link the accused to the substance in such a way that it can reasonably be concluded that the accused possessed the substance and had knowledge of it. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In other words, whether direct or circumstantial, the evidence "must establish, to the requisite level of confidence, that the accused's connection with the [contraband] was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Several factors may help to establish an affirmative link between the accused and the contraband, including (1) the defendant's presence when a search is conducted; (2) whether the substance was in plain view; (3) the defendant's proximity to and the accessibility of the substance; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were

present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12.

Not all of these factors must be proved; rather, it is the cumulative logical force the factors have in proving possession that we must consider. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Additionally, absence of some of the factors is not evidence of innocence that must be weighed against the factors that are present. *Id.* Rather, they are used to assess the sufficiency of the evidence linking the defendant to knowing possession of contraband. *See, e.g.*, *Roberson v. State*, 80 S.W.3d 730, 735–36 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Allen v. State*, 249 S.W.3d 680, 694 n.13 (Tex. App.—Austin 2008, no pet.) (explaining that presence or absence of factors "aid appellate courts in determining the legal sufficiency of the evidence in knowing possession of contraband cases").

## C. Parties' Arguments

Appellant contends that the evidence is legally insufficient to support his conviction for possession of a controlled substance. First, he argues that there is insufficient evidence to link him to the "crack house" because there was "no

8

testimony that any kind of transaction was observed at the house," and a quantity of "two small rocks" of crack cocaine is too little to indicate that a "deal" occurred. Appellant also contends that (1) there was no evidence that he had a criminal record; (2) there was lack of other contraband in the vehicle; (3) there was no evidence of any odor of crack cocaine; (4) the officers could not see any furtive gestures by appellant because the trunk obscured their view; and (5) appellant indicated a clear conscience when he allowed them to inspect the car.

The State responds that appellant's financial situation would explain the small amount of drugs. Second, it argues that "prior criminal history is not a recognized relevant factor in determining an individual's guilt." Third, appellant's "consent to search does not automatically bond with innocent behavior." It argues that appellant "could have believed that the cocaine was sufficiently hidden inside his messy vehicle" or appellant "could have felt a compulsion to consent."

In addition, the State asserts that it met its burden of demonstrating that appellant knowingly exercised control, management, or care over the crack cocaine. It argues that (1) "appellant was in possession and control of the vehicle and the sole occupant of the vehicle when he was stopped by the police;" (2) appellant's "nervous behavior during the traffic stop indicated a consciousness of guilt;" (3) appellant "reached his hands toward the center console when the officers

activated their lights;" and (4) "the crack cocaine rocks were recovered from the area where officers observed appellant reaching during the traffic stop."

**D.    Analysis**

We agree with the State that the evidence is sufficient to demonstrate that appellant possessed cocaine.

First, appellant was the sole occupant of the vehicle in which the cocaine was found. *See Hyett v. State,* 58 S.W.3d 826, 830–31 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (appellant's sole occupancy of vehicle in which cocaine was found affirmatively linked him to cocaine). Second, appellant had convenient access to the center console where the drugs were discovered. *See Robinson v. State,* 174 S.W.3d 320, 326 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (recognizing that the term "conveniently accessible" means that contraband is within close vicinity of accused and easily accessible while in vehicle so as to suggest accused had knowledge of contraband and exercised control over it). Both officers testified that they saw appellant, while sitting in the driver's seat, reach for the center console shortly after they pulled him over. *See Valentine v. State*, 01-06-00522-CR, 2007 WL 3246384, at *3 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, no pet.) (mem. op., not designated for publication) (affirming possession conviction after concluding that defendant had easy access to the center console where crack cocaine was found because the officer, sitting in the same seat, was

able to reach that location); *Coonradt v. State*, 846 S.W.2d 874, 876 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (affirming possession conviction where defendant was driver of vehicle, crack cocaine pipe was found lying in plain view between passenger and driver, and duffel bag containing marihuana and cocaine was in car); *Robinson*, 174 S.W.3d at 326 (affirming possession conviction where cocaine was discovered in a factory compartment located in the back wall of the truck, which could be seen and accessed only by folding down the truck's back seat).

Furthermore, furtive gestures toward the center console could also indicate a consciousness of guilt that affirmatively links appellant to the cocaine. Appellant contends that the officers could not have seen appellant reach for the center console because his trunk obstructed the view of the back window. The officers, however, testified that lawn equipment in the trunk did not obstruct their view of the back window. Ultimately, appellant's testimony merely contradicts the officers' testimony and is a conflict for the fact finder to resolve. *See Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).

Appellant also argues that the amount of crack cocaine was too small to indicate that he bought it from the drug house. The amount of contraband can be, but is not always, a factor in determining if an affirmative link exists. *See Allen*, 249 S.W.3d at 698–99 (noting that "[t]he question is whether the amount of

cocaine discovered should be factored into the determination of any link between appellant and the cocaine under the circumstances," and concluding that "the factor of a large quantity of contraband [was] of little or no value in linking appellant to the cocaine" under the circumstances presented); *Roberson*, 80 S.W.3d at 740 (concluding that 24 grams of cocaine found in vehicle near seat where passenger was sitting, while "not an insignificant amount," was insufficient to link driver to possession of that cocaine, in part because "it was still small enough to be concealed on someone's person").  Quantity aside, sufficient links allowed the trial court as fact-finder to conclude that appellant possessed the cocaine.

We overrule appellant's sole point of error.

## CONCLUSION

We affirm the judgment of the trial court.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.

TEX. R. APP. P. 47.2(b).