

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00392-CR

———————————————

KOURTNEY JOHNSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1555545D

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

## I. Introduction

Appellant Kourtney Johnson pleaded not guilty to the murder of Jaimone Joubert and was convicted by a jury, which assessed a sentence of 60 years' confinement. Tex. Penal Code Ann. § 19.02(b) (stating, relevantly, that a person commits murder if he: (1) intentionally or knowingly causes the death of an individual, or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual). The trial court sentenced Johnson accordingly. In a single issue, Johnson complains that he was harmed and was denied a fair trial because the trial court allowed the State to argue that he was not entitled to the punishment-mitigating factor of sudden passion. *Id.* § 19.02(d). We affirm the trial court's judgment.

## II. Background

On July 27, 2018, Joubert bought marijuana from Johnson outside Drummers Inn in Fort Worth using $200 in counterfeit bills to pay for it. But after Joubert got out of Johnson's car, where the transaction took place, Johnson quickly noticed that the money was fake. Johnson also believed that Joubert had taken his phone. Johnson testified that these events caused him to become "enraged" and "in fear" and were the reasons he pursued Joubert with a handgun drawn. During the pursuit, Johnson fatally shot Joubert. This incident was captured by surveillance cameras at Drummers Inn.

2

In October 2019, the jury found Johnson guilty of one count of murder. Following the guilty verdict and punishment trial, the trial court gave its punishment-phase charge to the jury. Included in the charge was a special issue that asked the jury to determine whether Johnson caused Joubert's death under the immediate influence of sudden passion arising from an adequate cause.

During closing arguments at the punishment phase, the State argued to the jury that Johnson had not proved he acted in sudden passion:

> We talked about what sudden passion is. . . .
>
> And I can tell you right now why that doesn't apply here. It has nothing to do with this drug deal or anything like that that we talked about. I just told you, the law doesn't protect drug dealers. It doesn't protect drug dealers being duped.

Johnson's trial attorney objected to this argument, contending that it was a misstatement of the law, but did not pursue the objection to an adverse ruling:

> DEFENSE COUNSEL:  Judge, I'm going to object. I'm going to object as to misstatement of the law . . . . Drug dealers can get sudden passion.
>
> THE COURT:     I've charged you [the jury] on the law of sudden passion. It's your job to decide whether it applies in this case.

Following the defense's objection, the State went on to summarize its argument about why sudden passion did not apply, arguing that Johnson "came prepared [and] knew exactly what he was going to do if he got jacked" and that "[s]udden passion is

for people that don't have plans."[1] After closing arguments, the jury denied Johnson the defense of sudden passion and assessed the 60-year sentence.

### III. Discussion

In a single issue, Johnson contends that the trial court abused its discretion and denied him a fair trial by allowing the State to argue that he was not entitled to the punishment-mitigating factor of sudden passion based on his status as a drug dealer. Johnson forfeited this complaint by failing to secure an adverse ruling on his objection.

To properly preserve error under Rule 33.1 of the Texas Rules of Appellate Procedure, a complaint must have been "made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Further, the record must reflect that the trial court ruled on the objection either expressly or implicitly or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2). The defendant must pursue the objection to an adverse ruling. *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *Cockrell v. State*, 933 S.W.2d 73,

---

[1]Johnson testified that he had taken a gun with him to the arranged drug sale because the west side of Fort Worth was a "dangerous neighborhood" and he was concerned that he could get robbed.

4

89 (Tex. Crim. App. 1996); *Carter v. State*, 614 S.W.2d 821, 823 (Tex. Crim. App. [Panel Op.] 1981); *see also* Tex. R. App. P. 33.1(a)(2).

Although the State does not raise error preservation regarding Johnson's argument, we have an independent duty to ensure we review only claims that have been properly preserved in the trial court. *See Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016); *see also Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) (holding that error preservation is a systemic requirement that the court of appeals must review regardless of whether the parties raised the issue).

Upon review of the record before us, it is apparent that Johnson failed to preserve error regarding his sole issue because he failed to obtain an adverse ruling. *See Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004).

Although the record reflects that Johnson objected to the State's ostensible "misstatement of the law" during closing argument, the trial judge made no ruling on the issue, adverse or otherwise. She merely told the jury that it had been charged on the law of sudden passion and that it was for the jury to decide whether sudden passion applied. *See Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984) (holding the trial court's statement that the jury would determine evidence was not sufficient for error preservation); *Gonzalez v. State*, 337 S.W.3d 473, 483–84 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (holding trial court's telling the jurors that they had heard the evidence and would make their own decision was not a ruling). Because Johnson did not pursue his objection to an adverse ruling, he failed to

preserve error for our review. *See Mathis*, 67 S.W.3d at 926–27; *Gonzalez*, 337 S.W.3d at 484.

Assuming Johnson did preserve his sole issue for our review, the State's closing argument regarding sudden passion was within the permitted bounds of proper jury argument. Permissible jury argument falls within one of the following four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to opposing counsel's argument, or (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992).

Johnson contends that the trial court "abused [its] discretion by not sustaining [his] objection and instructing the jury to disregard the [State's] misstatement of law." Specifically, Johnson contends that the trial court erred by allowing the jury to consider the State's argument that a drug dealer is not entitled to a sudden passion defense. Johnson argues that the State's argument did not fall within any of the four generally permitted areas of jury argument. We disagree.

During closing argument, the parties are permitted to "assimilate the evidence to assist the fact-finder in drawing proper conclusions from the evidence." *Gaddis v. State*, 753 S.W.2d 396, 400 (Tex. Crim. App. 1988). As the court of criminal appeals has held, challenges to jury argument must be considered in context, and counsel is allowed wide latitude in drawing inferences from the evidence so long as the inferences are drawn in a reasonable, fair, legitimate, and good-faith manner. *Id.* at

398. Accordingly, a prosecutor may summarize the presented evidence and make a reasonable deduction based on that evidence. *Felder*, 848 S.W.2d at 95.

Here, the State's argument that sudden passion did not apply in this case constituted a reasonable deduction based on the facts found within the record. *See id.*; *see also Bell v. State*, No. 01-12-00550-CR, 2013 WL 3354687, at *4–6 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding that State's argument that evidence was inconsistent with defendant's claim of sudden passion and more akin to self-defense was not a misstatement of the law and was thus proper jury argument); *Muhammad v. State*, No. 08-06-00182-CR, 2008 WL 1976732, at *2 (Tex. App.—El Paso May 8, 2008, no pet.) (not designated for publication) (concluding that State's argument that the evidence was inconsistent with defendant's assertion that he shot the victim under the influence of sudden passion was proper jury argument). The evidence here showed that Johnson made preparations before shooting Joubert that were inconsistent with his contention that he shot Joubert under the influence of sudden passion.[2] The bounds of proper jury argument permitted the State to raise this evidence in closing argument. Accordingly, the State was permitted to argue that Johnson intended to cause the death of Joubert

---

[2]In addition to going to Drummers Inn armed, Johnson testified that after Joubert got in his car and before Johnson gave him the marijuana, Johnson took the gun from his glove compartment and placed it in his lap. Johnson did this because he thought "something was kind of fishy" about Joubert's instructing him where to park and hoped that displaying the gun would deter Joubert from trying to rob him.

should their drug deal go awry and that Johnson was not acting under the influence of sudden passion. *See Felder*, 848 S.W.2d at 95. The trial court did not abuse its discretion in allowing the State's argument.

For these reasons, we overrule Johnson's sole issue.

## IV. Conclusion

Having overruled Johnson's sole issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 6, 2021